FILED
September 22, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002945703

3

Carl W. Collins (State Bar No. 109282)
Attorney at Law
1127-12th Street, Suite 202
P.O. Box 3291
Modesto, CA 95353
Telephone (209) 521-8100
Facsimile (209) 524-8461
E-mail: carl@cwcollinslaw.com

Attorney for Trustee
Stephen C. Ferlmann

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| In re: | Case No: 10-37697 |
| Eloisa P. Marquez, Pro Se | Chapter 7 Case |
| 3031 Penelope Drive<br>Stockton, CA 95212 | DC No. CWC-2 |
| S.S. xxx-xx-7811 | |
| Debtor. | Date: October 21, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 28 |

**MOTION FOR AUTHORITY TO SELL NON-EXEMPT**

**EQUITY IN PERSONAL PROPERTY TO DEBTOR**

To: The Honorable Michael S. McManus, U.S. Bankruptcy Judge:

The Chapter 7 Trustee, Stephen C. Ferlmann, pursuant to Bankruptcy Code § 363(b) and Federal Rule of Bankruptcy Procedure 6004, respectfully moves the Court to sell to the Debtor the non-exempt equity in the Debtor's Personal Property in exchange for a payment of $11,000.00, and respectfully represents:

1. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157(a).

2. The Debtor filed a voluntary Chapter 7 petition on July 6, 2010. Stephen C. Ferlmann has been appointed Trustee in the case.

1

3. Among the assets of the Chapter 7 bankruptcy estate is the Debtor's interest in a 2004 Cadillac Escalade (the "Property"), to which the Debtor assigned the fair market value of $16,000.

4. At the meeting of creditors on August 13, 2010, the Debtor testified that, contrary to Schedule D, the 2004 Cadillac Escalade is unencumbered. The Trustee is informed and believes that Debtor has possession of the Title thereto.

5. The Debtor has asserted an exemption in the amount of $2,550.00 pursuant to California Code of Civil Procedure ("CCP") §704.010 in the 2004 Cadillac Escalade. The total non-exempt equity in the above described Property using the Debtor's valuation is $13,450.00.

6. The Debtor wishes to retain the Property and desires to purchase the non-exempt equity in the Property from the bankruptcy estate. To enable the Debtor to retain the Property, the parties have agreed to a sale of the non-exempt equity in the Property to the Debtor.

7. Accordingly, the Trustee and the Debtor have entered into an Equity Sale Agreement (the "Agreement") which provides that the Debtor shall pay the bankruptcy estate the total cash sum of $11,000.00 (the "Purchase Amount") for the non-exempt equity in the Property. A copy of the Equity Sale Agreement is attached to the List of Exhibits filed concurrently herewith. The Agreement further provides that the Purchase Amount shall be non-exempt property of the Debtor' bankruptcy estate. Upon payment of the Purchase Amount, the Debtor shall be entitled to retain the Property and the Property shall cease being property

of the bankruptcy estate.

8. Bankruptcy Code § 363(b)(1) authorizes a trustee, after notice and hearing, to sell property of the estate other than in the ordinary course of business.

9. Trustee believes that the sale of the non-exempt equity in the Property to the Debtor is in the best interests of the estate and should be approved by the Court. The proposed equity sale is an expeditious manner of liquidating the Property and will eliminate the costs and delays of liquidating the Property by way of public auction.

WHEREFORE, Trustee respectfully requests that the Court approve the Agreement, and authorize the Trustee to enter into the proposed sale of the non-exempt equity in the Property to the Debtor.

DATED: 9-20-13

Respectfully Submitted,

Law Office of Carl W. Collins

_____
Carl W. Collins
Attorney for Trustee